## CORN et al. v. BURTON ROUNDTREE MOTORS CO. (No. 6876.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 24, 1923.)

**Appeal and error ⬅1135—Judgment dissolving injunction affirmed, no meritorious grounds of objection appearing.**

On appeal from judgment dissolving temporary injunction restraining the sheriff from levying and selling property under judgment against plaintiff on a replevy bond, where the only grounds for injunction were that plaintiff as surety was not served with citation, although he signed the replevy bond, and the fact that the judgment was rendered on November 21st and entered nunc pro tunc on December 8th, made the judgment void as to him. No meritorious defense being alleged and no reason given for failure to move for new trial, the judgment will be affirmed.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit for injunction by P. G. Lucas against the Burton Roundtree Motors Company and another. From a judgment dissolving the temporary injunction, Corn and others appeal. Affirmed.

Henry C. King, Jr., and M. L. Roark, both of San Antonio, for appellants.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellee.

FLY, C. J. This is an appeal from a judgment dissolving a temporary writ of injunction sued out by P. G. Lucas, one of the appellants, to restrain appellee and John W. Tobin, sheriff of Bexar county, from levying on and selling any of his property by virtue of an execution issued under a judgment recovered by appellee against Paul J. Corn and the sureties on his replevy bond,

being the Bexar Rubber Mills, Don .E. Cameron, C. H. Childs, and P. G. Lucas. The original judgment is set out in the application for the restraining order, and the only grounds for the injunction are that Lucas was not served with citation, although in some unaccountable way he signed a replevy bond for property seized by appellee, and that the automobile replevied had been delivered to the sheriff, and, as Lucas was informed, was sold to S. D. Lary, and that and the fact that the judgment was rendered on November 21, 1921, and entered nunc pro tunc on December 8, 1921, made the judgment null and void as to Lucas. No meritorious defense to the suit is alleged, and no reason given for a failure to file a motion for a new trial.

The record shows that Corn was indebted to appellee in the sum of $1,029.90, that suit was filed against him in August, 1921, and a writ of sequestration levied on a Chandler automobile, on which appellee held a mortgage, and it was released to Corn on a replevy bond, on which P. G. Lucas was one of the sureties. Corn was regularly cited, and appeared by his attorney, and the cause was tried on November 21, 1921, and judgment regularly rendered against Corn and the sureties on the replevy bond. The clerk failed to enter the judgment at the time it was rendered, but on December 8, 1921, on motion of appellee it was entered nunc pro tunc. Lucas was notified of all these matters, and the automobile was seized under execution and sold, and the amount realized credited on the judgment. There is no merit whatever in this appeal, and the judgment is affirmed.